IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER D. PETSINGER,

    Plaintiff,

  V.              No. 10-2428-SAC

GENEVA WHEELER,

    Defendant.

**MEMORANDUM AND ORDER**

This negligence case involving a two-vehicle collision comes before the court on plaintiff's motion for summary judgment on the issue of liability. Plaintiff submits that the uncontested facts establish that defendant alone is negligent as a matter of law, and that defendant's negligence is the sole proximate cause of the collision.

**Summary Judgment Standard**

A court grants a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure if no genuine issue of material fact exists and if the movant is entitled to judgment as a matter of law. The court determines "whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will ... preclude summary judgment." *Id*. There are no genuine issues for trial if the record taken as a whole would not persuade a rational trier of fact to find for the nonmoving

party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court examines the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party. *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009) (internal quotation marks omitted). Here, that party is the defendant.

**Uncontested Facts**

On August 28, 2008 in mid-afternoon, an automobile driven by defendant rear-ended a van driven by plaintiff while both were westbound on I-435 in Johnson County, Kansas. Both vehicles were in the right-hand lane of three lanes of traffic, and neither had changed lanes at any relevant time prior to the accident. No accident reconstruction was done. The parties, who are the sole identified witnesses to the collision, agree on little else.

Plaintiff contends that as he was driving, he saw a small pickup truck parked on the right shoulder, approximately 700 feet in front of him, so he stopped accelerating his van. He then saw a man exit the truck and cross plaintiff's lane of travel on foot, going toward a wheel barrow which was in the center lane of traffic. Upon seeing this, plaintiff checked his rear view mirror, saw no traffic behind him in his lane, so braked for the safety of the pedestrian, who got the wheel barrow and took it to the truck parked on the shoulder. Plaintiff estimates that he had slowed to 20-30 m.p.h. when the pedestrian had cleared the traffic lanes and returned to the shoulder of the road. Approximately five seconds after plaintiff initially applied his brakes and when he was slowing down, approximately 200 feet away from the truck, his van was struck from behind by defendant's vehicle.

2

Defendant contends that she was driving approximately 55 m.p.h. in the right-hand lane, scanning the roadway in front of her when she "looked up" and saw plaintiff's vehicle completely stopped in front of her. She could not swerve into another lane because of traffic, so applied her brakes but could not stop in time. Her vehicle rear-ended plaintiff's van. No vehicles or other objects were between the two of them at the time or obscured her vision. Defendant can give no estimation of the distance between her vehicle and plaintiff's van when she first noticed the van, or of how much time passed between her first sight of the van and the moment of the collision. Defendant did not see any wheelbarrow, or any pedestrian on or near the road, or any vehicle parked on its shoulder, or any other reason for plaintiff to have stopped in the middle of the interstate.

Plaintiff's theory is essentially that he was faced with an unusual circumstance[1] and did what any reasonable person would have done to avoid hitting a pedestrian on the highway. Defendant denies that any vehicle, person, or object was ever in front of plaintiff's vehicle on the highway as plaintiff alleges, since she was carefully observing the highway in front of her and never saw any vehicle on the shoulder, wheelbarrow in the road, or pedestrian crossing the lanes of traffic. The KHP trooper who completed the accident report did not report seeing any pedestrian, wheelbarrow or truck on the shoulder, but does include plaintiff's statements regarding them.

The Court finds that defendant's testimony that she never saw the phantom pedestrian does not controvert plaintiff's testimony that he did see him. Accepting

---

[1] Plaintiff does not characterize this event as a sudden emergency.

defendant's assertions of fact as true, defendant could have been keeping a proper lookout without seeing the entire situation confronting the plaintiff, particularly given the other traffic in the area and the fact that plaintiff's van could have obscured defendant's vision of things in front of the van.[2] Similarly, assuming that the KHP trooper never saw the phantom pedestrian, this fails to contradict plaintiff's testimony that he saw him. The trooper arrived on the scene approximately 14 minutes after the collision according to the defendant, and no one contends that the phantom pedestrian was still at the scene at that time.

**Analysis**

In this diversity action the Court applies the substantive law of the forum state. *Cohen-Esrey Real Estate Services, Inc. v. Twin City Fire Ins. Co.,* 636 F.3d 1300, 1302 (10th Cir. 2011). Under Kansas law, whether an actor's conduct constitutes negligence is generally a factual question left to a jury. *Cullip v. Domann*, 266 Kan. 550, 556, 972 P.2d 776 (1999). However, "in rare cases where the evidence is susceptible to only one possible inference," the trial court should not allow the jury to consider a party's alleged negligence. *Carl v. City of Overland Park, Kan.*, 65 F.3d 866, 869 (10th Cir.1995). When all the evidence on which a party relies is undisputed and susceptible of only one inference, the question of proximate cause becomes a question of law. *Cullip*, 266 Kan. at 556.

Plaintiff contends that this is such a case because as a matter of law, only

---

[2]Curiously, defendant's counsel recognizes this in contending, "[i]f, in fact, the wheelbarrow or phantom person or vehicle existed on the highway as [plaintiff] alleges, [plaintiff's] vehicle obstructed [defendant's] view of these obstructions." Dk. 36, p. 7.

defendant was negligent, and only defendant's negligence proximately caused the collision. Defendant denies any negligence and contends that plaintiff and the phantom pedestrian were negligent and proximately caused the collision.

In trying to bring himself within the narrow exception to the general rule, plaintiff relies upon *Hale v. Brown,* 287 Kan. 320, 324, 197 P.3d 438, 441 (2008). In *Hale*, Mr. Packard lost consciousness and drove his truck into a tree near an off-ramp. Traffic on I–470 became congested as a result of the accident. About 35 minutes later, Hale was driving east on I–470 when he noticed that traffic was slowing down, so he slowed down and then stopped on the roadway due to traffic. Brown was driving behind Hale and collided with the rear of Hale's stopped car. The Kansas Supreme Court affirmed that as a matter of law, Packard's driving into the tree was not the proximate cause of Hale's accident because "the passage of time and Brown's negligence interrupted the continuing chain of causality from Packard's asserted negligence to Hale's accident." *Hale*, 287 Kan. at 324.

The court finds *Hale* distinguishable on two grounds. First, the procedural posture of the case was significantly different from this one. *Hale* was decided on a motion to dismiss, so the trial court accepted the facts alleged by the plaintiff as true. The Supreme Court's scope of review was de novo, so they did the same. Here, the court is faced with a summary judgment motion, which presents disputed facts relevant to causation which must be viewed in the light most favorable to the defendant. Secondly, the longer passage of time in *Hale* assists an intervening cause theory, unlike here. In *Hale*, the collision which gave rise to the lawsuit occurred 35 minutes after the car hit the tree, while here, only seconds separated the acts of the phantom pedestrian from the collision

involving the parties. In *Hale*, there was nothing the plaintiff could have done differently to have avoided the accident. Here, defendant contends, among other matters, that the plaintiff should have seen the phantom pedestrian earlier or should have seen defendant behind him in the same lane and avoided his sudden stop. Defendant has properly controverted whether plaintiff properly checked traffic to his rear before braking. Although plaintiff contends that he did so and saw no one in his lane, plaintiff testified that she was in his lane at the time, and plaintiff admits defendant struck him from behind only a few seconds after he looked in his rear view mirror. This creates a genuine issue of material fact for resolution by the jury.

Plaintiff additionally relies upon *Hallett v. Stone,* 216 Kan. 568, 572-573, 534 P.2d 232, 237 (1975). Hallett was following about one and one-half car lengths behind another vehicle which suddenly and without warning turned into an alley. Hallett stopped, avoiding a collision with the turning vehicle, but was rear-ended by defendant Stone, who had been following Hallett about half a block away on an uncongested city street. The Court does not find *Hallett* persuasive. First, defendant Stone "admitted negligence by failing to maintain a proper lookout and no mitigating circumstances were disclosed for that failure." *Hallett*, 216 Kan. at 577-78. As a matter of law, that admission constituted negligence which was a proximate cause of the collision. *Hallett*, 216 Kan. at 578. Here, defendant denies negligence and has testified that she kept a proper lookout at all times. It is not the court's prerogative to determine credibility of this, or other sworn deposition testimony, in evaluating entitlement to summary judgment. *See Zia Trust Co. ex rel. Causey v. Montoya*, 597 F.3d 1150 n. 2 (10th Cir. 2010). Secondly, *Hallett* was decided before Kansas adopted comparative fault, and the acts of the person who made the

sudden turn were not compared.

As stated in *Hale*,

> The proximate cause of an injury is the cause that in a natural and continuous sequence, unbroken by any superceding cause, both produced the injury and was necessary for the injury. The injury must be the natural and probable consequence of the wrongful act. *Yount v. Deibert*, 282 Kan. 619, 624–25, 147 P.3d 1065 (2006). Individuals are not responsible for all possible consequences of their negligence, but only those consequences that are probable according to ordinary and usual experience. *Aguirre v. Adams*, 15 Kan.App.2d 470, 472, 809 P.2d 8 (1991).

*Hale v. Brown*, 287 Kan. 320, 322, 197 P.3d 438, 440 (2008). As applied to the facts of this case, if the jury believes plaintiff's testimony about the phantom pedestrian, then the acts of that pedestrian in crossing a lane of an interstate highway to get a wheelbarrow out of the center lane at a time when oncoming traffic had to brake and slow significantly so as to assure his safety, may properly be viewed as negligence and the proximate cause of plaintiff's accident. Under the facts of record, the court finds that the presence of a pedestrian upon a through highway is not sufficient as a matter of law to relieve the plaintiff of all liability for consequences of whatever evasive action he took on behalf of the pedestrian, and finds a question of fact for the jury to determine. *See Johnston v. Ecord,* 196 Kan. 521, 528, 412 P.2d 990, 998 (1966) (same, regarding dog on highway).

The Court cautions both parties that they may present at trial only theories of negligence that will be supported by adequate evidence. *See Gust v. Jones*, 162 F.3d 587, 593 (10th Cir. 1998) ("... allegations that a nonparty's negligence caused a plaintiff's harm must be supported by adequate evidence before the negligence of that person may be argued to the jury or before the judge may instruct the jury to compare the nonparty's fault.") For example, defendant's assertions that the phantom pedestrian was negligent

7

in "depositing upon the highway a wheelbarrow likely to injure a person, animal or vehicle upon the highway" and "failing to keep his load properly secured and under control, allowing a wheelbarrow to fall upon the highway and endanger other vehicles" (Dk.33, p. 11) find no support in the record presented on summary judgment. Absent some evidence that the wheelbarrow initially fell from the phantom pedestrian's load or was otherwise placed on the highway by the phantom pedestrian, these theories find no support in the facts. Similarly, defendant's contradictory assertions that the plaintiff was negligent in "driving ... at a speed that was greater than reasonable under the conditions and hazards then existing," and in "driving ... at a speed that was less than reasonable under the conditions and hazards then existing," (Dk. 33, p. 11) must be supported by some evidence or reasonable inferences drawn from the evidence.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment on the issue of liability (Dk. 34) is denied.

Dated this 28th day of June, 2011.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge